**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**TINDLE ENTERPRISES, INC.,**
*A Florida Corporation,*

    **Plaintiff,**

v.                                          CASE NO.   3:09cv86/RV/EMT

**PLASTIC TRENDS, INC.,**
*A Foreign for Profit Corporation,*

    **Defendant.**
_____/

## ORDER

Now pending is the defendant's motion to dismiss (doc. 5).

**I.    Background**

For purposes of this order, the facts alleged in the complaint are accepted as true, and can be stated briefly. At all times pertinent, the defendant, Plastic Trends, Inc., was in the business of manufacturing and selling polyvinyl chloride ("PVC") fittings and pipe to be used for sewer system infrastructure. The plaintiff, Tindle Enterprises, Inc., was in the construction business and was contracted to install sewage line infrastructure for a residential subdivision in Santa Rosa County, Florida. At some point, the plaintiff purchased PVC fittings manufactured and sold by the defendant, although the complaint does not allege that plaintiff bought the product directly from the defendant. The plaintiff later installed the fittings in the subdivision's sewer lines. During "air testing" of the sewer lines, it was learned that the pipe fittings had developed stress cracks and would need to be replaced, which the plaintiff proceeded to do at its own expense.

The plaintiff thereafter filed an action against the defendant in state court, alleging: (1) breach of implied warranty of merchantability, and (2) manufacturing defect/strict liability. The case was removed to this court on the basis of diversity jurisdiction, and the defendant now moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### II. Motion to Dismiss Standard

In deciding the defendant's motion, I am confined to the four corners of the complaint and must take the factual claims therein as true and view them in the light most favorable to the plaintiff. *See, e.g., Erickson v. Pardus,* 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Bickley v. Caremark RX, Inc.,* 461 F.3d 1325, 1329 n.7 (11th Cir. 2006); *Murphy v. Federal Deposit Ins. Corp.,* 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require plaintiffs to set out in detail the facts upon which they base their claims. Rule 8(a) only requires a "short and plain statement" showing that the pleader is entitled to relief. Nevertheless, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *accord Watts v. Florida Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts, supra,* 495 F.3d at 1295 (quoting *Twombly,* 550 U.S. at 556). This rule does not "impose a probability requirement at the pleading stage." *Twombly,* 550 U.S. at 556. Rather, the test for stating a claim is whether the complaint "succeeds in 'identifying facts that are suggestive enough to render [the required element] plausible.'" *Watts, supra,* 495 F.3d at 1296 (quoting *Twombly,* 550 U.S. at 556).

Dismissal is appropriate if, assuming the truth of the factual allegations in the complaint, there is a dispositive legal issue which precludes relief. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Marshall County Bd. of Educ. v. Marshall County Gas Distr.*, 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.").

### III. Discussion

The defendant moves to dismiss the complaint on two separate grounds. First,

*Case No. 3:09cv86/RV/EMT*

with respect to the claim for breach of implied warranty of merchantability (count 1), the defendant points out --- and the plaintiff impliedly concedes --- that in order to sustain that cause of action, there must be privity of contract between the plaintiff and the defendant. *See Bailey v. Monaco Coach Corp.*, 168 Fed. Appx. 893, 894-95 & n.1 (11th Cir. 2006) ("Under Florida law, privity of contract is an essential element of a claim for breach of implied warranty;" thus, where plaintiff purchased a defective product from a dealer and not directly from defendant, "the absence of privity between Baily and Monaco is dispositive [and the] claim of breach of implied warranty fails as a matter of law") (collecting multiple cases); *Rees v. Engineered Controls Int'l, Inc.*, 2006 WL 3162834, at *2 (M.D. Fla. 2006) ("Since 1988, Florida law has required privity between the manufacturer of the allegedly defective product and the consumer of such [product] in order for the consumer to assert an implied warranty claim," *citing Kramer v. Piper Aircraft Corp.*, 520 So.2d 37, 39 (Fla. 1988)).

However, while the parties agree that privity is required under the governing law, the plaintiff cites to a single district court case, *Yvon v. Baja Marine Corp.,* 495 F. Supp. 2d 1179 (N.D. Fla. 2007), which suggests that it is not necessary to affirmatively allege privity in the complaint. The district court stated that where the complaint "does not allege an absence of privity," the question of whether privity exists "is a factual question that cannot properly be resolved on [a] motion to dismiss." *Id.* at 1184. The court suggested that if discovery subsequently reveals an absence of privity, "the defendant may promptly file an appropriate motion for summary judgment." *See id.* The district court in *Yvon* did not cite any case law in support of its conclusion.

To the extent that *Yvon* appears to hold that dismissal is appropriate only if the complaint specifically alleges an *absence* of privity, I respectfully disagree with that holding as I believe it is inconsistent with well-established law. *See, e.g., Federal Ins. Co. v. Bonded Lightning Protection Sys., Inc.,* 2008 WL 5111260, at *7 (S.D. Fla. 2008) (dismissing breach of warranty claim where "it is undisputed that Plaintiff did not plead in the Complaint privity" with the defendant); *McGraw v. Fleetwood Enterprises, Inc.,* 2007 WL 2225976, at *3 (M.D. Fla. 2007) (implied warranty claim dismissed where

"Plaintiff has not alleged privity in the Complaint"); *Henson v. Allison Transmission,* Case No. 07-80382, doc. 29 at 5 (S.D. Fla. 2007) (dismissing breach of implied warranty claim because "there is no allegation [in the complaint] that Plaintiff purchased anything directly from the Defendants, nor is there any allegation that Plaintiff contracted with Defendants;" rejecting as "unpersuasive" the argument that defendant must affirmatively prove that there is an absence of privity as opposed to requiring plaintiff to allege it in the complaint); *Rees, supra*, 2006 WL 3162834, at *2 (breach of warranty claim dismissed "because the facts of the Complaint, taken as true, fail to assert that Plaintiffs were in privity with ECI, the manufacturer of the [product]"; *McAteer v. Black & Decker, Inc.,* 1999 WL 33836701, at *3 (M.D. Fla. 1999) (dismissal granted where allegations in complaint were insufficient to maintain breach of warranty claim; "The Plaintiff has not alleged that McAteer bought the product [*from*] or in anyway contracted *with* the Defendant . . . Absent such an allegation, the complaint does not state a claim for express or implied breach of warranty.") (emphasis in original); *accord Brophy v. DaimlerChrysler Corp.,* 932 So.2d 272, 275 (Fla. 2d DCA 2005) (affirming dismissal of breach of implied warranty claims "because [the] amended complaint did not allege the requisite privity of contract"); *Cerasani v. American Honda Motor Co.,* 916 So.2d 843, 847 (Fla. 2d DCA 2005) ("Here, Cerasani's amended complaint does not allege that there was privity of contract between her and Honda, and therefore, her claim for breach of implied warranty was properly dismissed").

In *T.W.M. v. American Medical Systems, Inc.,* 886 F. Supp. 842 (N.D. Fla. 1995), I explained:

> A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant. The complaint does not allege that the plaintiffs purchased the [product] directly from the defendant, or that they contracted with the defendant. *Because the complaint does not allege privity of contract . . . the complaint fails to allege the essential elements of a breach of either an implied warranty of merchantability or an implied warranty of fitness for a particular purpose.*

*Id.* at 844 (internal citation omitted; emphasis added). Furthermore, in *Montgomery v.*

*Davol, Inc.,* 2007 WL 2155644 (N.D. Fla. 2007), I specifically rejected the argument that plaintiff advances here; namely, that "it is more appropriate for Defendants to seek relief [for lack of privity] under a motion for summary judgment after discovery." *Id.* at *4. I explained that "dismissal for failure to state a claim is appropriate on a dispositive issue of law," and the failure to plead privity presented such an issue. *See id.* (collecting multiple cases). The same analysis and conclusion applies here.

The defendant next moves to dismiss the strict product liability claim (count 2) because the plaintiff has not alleged personal injury or property damage to anything other than the allegedly defective product. The plaintiff acknowledges that this "economic loss rule" is the law of Florida, and it readily concedes that "the law is clear that in order to bring a cause of action for strict product liability there must be personal injury or property damage other than to the defective product itself." But, as with the privity issue, the plaintiff relies on *Yvon, supra,* and contends that it is inappropriate to resolve this question on a motion to dismiss before discovery. The plaintiff argues that unless the complaint states that it *did not* sustain damages beyond removing and replacement of the product, the issue should be left for summary judgment. Once again, I cannot agree, because the law is definitely otherwise. *See, e.g., Airport Rent-A-Car, Inc. v. Prevost Car, Inc.,* 788 F. Supp. 1203, 1206 (S.D. Fla. 1992) ("Absent *allegations* of personal injury or other property damage," the economic loss rule applies and there is "no remedy in tort") (emphasis added), *aff'd* 67 F.3d 901 (11th Cir. 1995).

Therefore, both defendant's arguments have merit and the motion to dismiss must be granted. However, I will allow the plaintiff an opportunity to attempt to amend the complaint to comply with this order. If there is privity and/or personal injury or property damage, it should be easy for the plaintiff to amend and plead such facts. If not, then that should be the end of this case. Accordingly, the dismissal will be without prejudice.

### IV.     Conclusion

For the above-stated reasons, the defendant's motion to dismiss (doc. 5) is GRANTED, and the complaint is hereby DISMISSED without prejudice. The plaintiff

*Case No. 3:09cv86/RV/EMT*

shall have fourteen (14) days in which to file an amended complaint, in lieu of which this dismissal shall be with prejudice.

DONE AND ORDERED this 15th day of April, 2009.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**